IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNIE RAY HILLHOUSE,   No. CIV S-03-0142-MCE-CMK

    Petitioner,   DEATH PENALTY CASE

  vs.   ORDER

ROBERT K. WONG, JR.,[1]

    Respondent.

_____/

    Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

    On April 18, 2007, the Magistrate Judge filed amended findings and recommendations (Doc. 103) herein which were served on the parties and which contained notice that the parties may file objections within a specified time.  Timely objections to the findings and recommendations, and responses thereto, have been filed (Docs. 104, 108, 112, and 123; 107,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert K. Wong is substituted for his predecessor.  The Clerk of the Court is directed to update the docket to reflect the above caption.

1

124, 128, 129 ,131, 133, and 136).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Petitioner generally objects to the findings and recommendations on the grounds that the Magistrate Judge erred in his determination that the claims addressed do not relate back to the original petition.  The court finds those objections have no merit.  Petitioner also objects to the Magistrate Judge's determination that Petitioner is not entitled to equitable tolling.  In addition to the grounds he raised in his opposition to the motion to dismiss, Petitioner raises two additional grounds for entitlement to equitable tolling:   (1) that he was required to comply with the state habeas pleading requirements and, (2) that Respondent waived the statute of limitations or misled Petitioner regarding the state's position on the timeliness issue by agreeing to extensions of time and not opposing the requests to hold the case in abeyance while he exhausted his claims in state court.

Neither of these new grounds are sufficient for finding equitable tolling applies.  As the Magistrate Judge addressed in the findings and recommendations, in order to prevail on the issue of equitable tolling, a prisoner must demonstrate (1) extraordinary circumstances beyond the prisoner's control that (2) made it impossible to file a petition on time.  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).  Petitioner fails to show how complying with the state pleading requirements is such an extraordinary circumstance that it was impossible for him to file a timely petition.  In addition, the court finds no merit to his argument that Respondent waived the statute of limitations or misled Petitioner on his position.  As Petitioner concedes, there was no affirmative waiver by Respondent, and simply agreeing to extensions of time and not opposing  a request to hold the case in abeyance is insufficient to find Respondent

constructively waived that affirmative defense.[2]

        Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 18, 2007, are adopted in full;

2. Respondent's motion to dismiss (Doc. 56) is granted in part and denied in part;

3. The following claims are found to relate back to the original petition and, therefore, are considered timely:

    Claim A
    Claim B
    Claim Q:    only to the initial search of the dwelling where petitioner and Lonnie lived and to Lonnie's statements
    Claim Z
    Claim DD:    only to the insufficiency of evidence instruction
    Claim HH
    Claim JJ
    Claim MM
    Claim PP
    Claim QQ:    only to the claim that the prosecutor mislead the jury when she stated that the always thought that petitioner was the murderer
    Claim TT
    Claim XX
    Claim CCC
    Claim HHH
    Claim JJJ
    Claim LLL

---

[2] Another objection Petitioner raises is in relation to his Claim NNN. Petitioner objects to a misstatement by the Magistrate Judge that the claim addresses the California Supreme Court's habeas review process, rather than automatic appeal. As the Respondent states, this was simply a misstatement by the Magistrate Judge as is evidenced by his reference to the automatic appeal process in the heading for this discussion. This simple misstatement does not affect the determination that Claim NNN does not relate back to the original petition.

      Claim EEEE: only with respect to the following sub-claims:
       (1) death eligibility and special circumstances (Doc. 13 at 584);
       (2) multiple counts of special circumstances and aggravated claims (586);
       (3) circumstances of the crime factor claims (588);
       (4) unadjudicated violent criminal activity claims (589);
       (5) factor 190.3(c) prior felony claims (590);
       (6) failure to identify aggravating and mitigating factors (593);
       (7) failure to require unanimity as to aggravating circumstances (597);
       (8) lack of unanimous findings by the jury claims (597);
       (9) burden of proof and persuasion claims (599);
       (10) proportionality of sentence and comparative sentencing claims (602)
       (11) cumulative lack of procedural and substantive protections violates the constitution (604); and
       (12) cumulative error instruction only with respect to the fair trial and Sixth and Fourteenth Amendment claims.

  3. The following claims are found not to relate back to the original claim and, therefore, are denied as untimely:

    Claim E
    Claim F
    Claim G
    Claim R
    Claim S
    Claim W
    Claim X
    Claim Y
    Claim II
    Claim NN
    Claim OO
    Claim RR
    Claim WW
    Claim YY
    Claim BBB
    Claim DDD
    Claim EEE
    Claim FFF
    Claim GGG
    Claim III
    Claim MMM
    Claim NNN
    Claim OOO

        Claim PPP
        Claim QQQ
        Claim RRR
        Claim AAAA
        Claim BBBB
        Claim CCCC
        Claim FFFF
        Claim JJJJ

Dated:  November 18, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE